Per Curiam.

Pursuant to the lease the tenant took the premises “as is ”. Paragraph 15 thereof clearly negates a representation or guarantee that the use described therein 1 ‘ is lawful or permissible under the certificate of occupancy ”. There is no implied covenant that the premises are fit for the use for which they ivere rented and “ In the absence of an express warranty of the condition of the premises the tenant takes them as they are, assuming all the risks as to their fitness for his purposes ” (Walsh on Law of Property [2d ed.], p. 287). The expected use as a tearoom to which tenant desired to put the premises was at her own risk and she may not escape liability under the lease because of her inability to make the premises legally suitable for her intended purpose. There was no refusal on the part of the landlord to give consent for *873 use of the premises by tenant for some other business, as the exchange of letters between the parties discloses.
The final order and judgment should be reversed, with $30 costs, and final order and judgment directed for landlord as prayed for in the petition, with costs.
Hecht, J. P., Aurelio and Tilzer, JJ., concur.
Pinal order and judgment reversed, etc.